"It is impossible to say that the defendant was not prejudiced by these papers admitted against his objection. The rule that an error committed upon a trial may be overlooked, when the party complaining was not prejudiced thereby, is only applicable in cases where the error could by no possibility have produced injury."

On the cross-examination of Smilie, the following occurred:

"Q. When you were arrested, there was a man with the officer by the name of King? A. He said his name was Williams. He was not with the officer, when I was arrested, and he told me and the officer that his name was Williams. Q. He is the man who is referred to as the Englishman? A. Who has referred to him? I haven't. Q. You were accused by that man? By Mr. McIntyre: I object to that as manifestly unfair on the part of the district attorney, and he knows it. (Objection sustained.) Q. Weren't you identified by him as one of the three men who got his money at Niagara Falls? By Mr. McIntyre: I object to that. The Court: No, no, Mr. Murphy; that is the same line of questions to which the court sustained counsel's objections."

The manifest purpose of this examination was to create the impression in the minds of the jurors that Smilie had stolen money from King, and the offense charged in the indictment was stealing money. This conduct was improper, and the vice of the testimony was not cured by excluding the evidence. Manigold v. Black River Tr. Co., 81 App. Div. 381, 80 N. Y. Supp. 861. And the most vicious part of the examination was in the question put by the district attorney after the court had indicated clearly that this line of testimony was improper. The testimony of Webb, with his participation in the dice throwing, was not of the strongest probative force, and the defendants were entitled to a fair trial for the precise offense charged in the indictment.

The judgment should be reversed.

Judgment reversed, and a new trial granted. All concur, except ROBSON, J., who dissents.

(118 App. Div. 347)

CURRAN v. MANHATTAN RY. CO.

(Supreme Court, Appellate Division, First Department. March 22, 1907.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—NEGLIGENCE OF FELLOW SERVANT—INSTRUCTIONS.

In an action against a railroad company for injuries to a servant by negligence of defendant's foreman in not warning workmen of approaching trains, an instruction taking from the jury all questions respecting defendant's negligence, except that of the foreman, and charging that he stood in the place of the master, was erroneous, where no question was raised as to the competency of the foreman to perform his duties, as the warning of approaching danger was a mere detail of the work, for negligence in the performance of which, resulting in injuries to an employé, the master was not liable at common law.

2. SAME—COMMON-LAW ACTIONS.

In an action for injuries to a servant, brought at common law, recovery cannot be had under the employers' liability act; but, in order to obtain the privileges of such act, the action must be brought thereunder.

Appeal from Trial Term, New York County.

Action by Matthew Curran against the Manhattan Railway Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before PATTERSON, P. J., and McLAUGHLIN, ING-RAHAM, CLARKE, and HOUGHTON, JJ.

J. Osgood Nichols, for appellant.

James A. Douglas, for respondent.

HOUGHTON, J.  The plaintiff was a track repairer in the employ of defendant, and his duties required him to work on its elevated structure, around and between the railway tracks upon which trains were being operated.  In charge of the gang with which plaintiff was working was a boss or foreman named McEwen, and a part of his prescribed duties was to warn the workmen, when on the track, of approaching trains.  At the time of the accident, the foreman was temporarily absent from the place where plaintiff was working, and no warning was given plaintiff by him, and he was struck by a passing train, while at work, and received the injuries for which he complains.

The plaintiff had been engaged in this kind of work for several months, and testified that it was the custom for the foreman to give warning of an approaching train, and he manifestly relied upon the fact that such warning would be given to him.  By the charge of the court, all questions respecting the negligence of the defendant were taken from the jury, except that of the foreman, McEwen, in failing to perform his duty of giving warning of an approaching train.  As to the foreman, the court charged that, respecting his duty to give warning so that a reasonably safe place might be provided for the plaintiff in which to perform his work, he stood in the place of the master, and was its alter ego, and that his neglect in that regard was that of the defendant, and refused to charge that such neglect in failing to give warning was the neglect of a fellow servant.

This instruction was erroneous.  The action is not under Employers' Liability Act, Laws 1902, p. 1748, c. 600, but at common law, and it must be tested by the rules applicable to such an action.  Under the law of the case as enunciated by the trial court, no question remained for the jury to determine, except whether or not the foreman, McEwen, was negligent in not giving warning of an approaching train.  No question was raised as to the competency of McEwen to perform his duties, and it must be assumed that he was a competent man for the position.  Under the facts appearing, the master fully performed its duty to plaintiff by furnishing such competent foreman to give the necessary warning.

The giving of warning of approaching danger by a foreman, to a gang of workmen, is a detail of the work of the master.  Ryan v. Third Avenue R. R. Co., 92 App. Div. 306, 86 N. Y. Supp. 1070; Riola v. N. Y. C. & H. R. R. Co., 97 App. Div. 252, 89 N. Y. Supp. 945.  At common law the master is not liable to his employé for the negligent acts of a superintendent in the management and detail of the work.  Although the superintendent is of a higher degree than the one injured, he is still a servant as to the detail and management of the work, and not the alter ego of the master, and his negligence in those respects is the negligence of a co-servant, for which the master is not responsible.  Loughlin v. State of New York, 105 N. Y. 159, 11 N. E. 371;

Cullen v. Norton, 126 N. Y. 1, 26 N. E. 905; Ryan v. Third Avenue R. R. Co., supra. It was to relieve from the harshness of this rule that the employers' liability act was enacted by the Legislature. Bellegarde v. Union Bag & Paper Co., 90 App. Div. 577, 86 N. Y. Supp. 72, affirmed 181 N. Y. 519, 73 N. E. 1119; Gmaehle v. Rosenberg, 178 N. Y. 147, 70 N. E. 411. To obtain privileges of that act, however, the action must be brought under it, and not for common-law negligence. An employé cannot bring his action under the act, and, without amendment of his complaint, recover upon a common-law cause of action. Nor can he bring it at common law and recover under the act. Davis v. Broadalbin Knitting Co., 90 App. Div. 567, 86 N. Y. Supp. 127, affirmed 185 N. Y. 613, 78 N. E. 1102; Chisholm v. Manhattan Railway Co. (decided November, 1906, First Dept.) 116 App. Div. 320, 101 N. Y. S. 625.

In Ward v. Manhattan Railway Co., 95 App. Div. 437, 88 N. Y. Supp. 758, this court made the observation that, as it then construed the employers' liability act, the provisions of sections 1 and 2 could not be taken advantage of, except the action was brought under the act, but that the provisions of section 3, respecting the assumption of risk, applied to all actions by an employé against his employer, whether under the act or at common law. Further consideration has led us to conclude that, in order to entitle an employé to the benefit of the provisions of the employers' liability act, he must bring his action under that act and conform to its terms in so doing (Chisholm v. Manhattan Railway Co., supra), and, that in an action for common-law negligence, he is not entitled to the benefits of its provisions, but must be governed by the rules of the common law.

The employers' liability act is not an abridgment of the rights of an employé against his employer as they existed at the time of its passage. Such rights as he had at common law still exist, and the act has added other rights of action which he may take advantage of if he conforms to the provisions of the statute. Gmaehle v. Rosenberg, supra; Bellegarde v. Union Bag & Paper Co., supra. The present action having been brought under the common law, its rules apply, and, for the error pointed out, the judgment must be reversed, and a new trial granted.

Judgment and order reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.