### MAHONEY v. CAYUGA LAKE CEMENT CO.

(Supreme Court, Appellate Division, Fourth Department.    May 6, 1908.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—COMMON-LAW ACTIONS.

　　Where an action for injuries to a servant is not brought under Employers' Liability Act, Laws 1902, c. 600, p. 1748, the rights of the parties are to be measured by the rules of the common law.

　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 137, 138.]

2. SAME—DUTY TO FURNISH COMPETENT FOREMAN.

　　Where a company engaged in blasting rock with dynamite furnished its servants with a competent foreman, and provided him with adequate dynamite cartridges and fuses, it performed its whole duty to its servants, and was not liable for an injury to one of them caused by the foreman's negligence in affixing a fuse of insufficient length to a cartridge, since that was a mere detail of the work, as to which the foreman and other employés were fellow servants.

　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 334–351, 491.]

Appeal from Trial Term, Tompkins County.

Personal injury action by John Mahoney against the Cayuga Lake Cement Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Halsey Sayles, for appellant.
James O. Sebring, for respondent.

SPRING, J. The action is in negligence by a servant against his employer, and is not brought in pursuance of the employers' liability act (chapter 600, p. 1748, Laws 1902), so that the rights of the parties are to be measured by the rules of the common law. Curran v. Manhattan Ry. Co., 118 App. Div. 347, 103 N. Y. Supp. 351. In September, 1901, the defendant, a domestic corporation, was engaged in blasting or excavating in a quarry in the town of Lansing, in the county of Tompkins. The plaintiff was in its employ as a common laborer. Holes were drilled in the rock about 10 feet in depth and an inch and a half in diameter. After they were cleaned out, a dynamite cartridge, to which was attached a fuse, was placed in each hole. The fuse,

which for safety should be from 18 to 21 inches in length, was lighted as the cartridge was dropped in the hole, and the appliance was pushed down with a tamping stick. As it reached the bottom the cartridge exploded, enlarging the hole, and thus a larger charge of dynamite could be used to tear up the rock. A man named Maloney was in charge for the defendant. He was a competent man, of many years' experience in this kind of blasting. He was furnished with suitable dynamite cartridges. The fuses he received in coils of 50 feet each, and personally cut them into squibs adaptable for the explosives used to which he attached them. On the day of the accident the plaintiff had drilled and cleaned out a hole, and was directed by Maloney to get a cartridge and fuse from the toolshop, near at hand, where they were stored, which he did. The fuse, according to the evidence of the plaintiff, and which has been credited by the jury, was only six or seven inches in length. When the plaintiff brought the cartridge with the fuse attached, Maloney told him to light the fuse and put it down in the hole. The plaintiff knew the danger of handling dynamite, and had engaged in surface quarry blasting, but was not accustomed to the use of dynamite in the manner adopted by the defendant, and objected to performing the orders of the foreman. Maloney showed him how to light the fuse, which the plaintiff did, put it down in the hole, and attempted to tamp it down, when the cartridge prematurely exploded, lacerating his hand so that it was afterwards amputated. The cause of the disaster was the short fuse. The quality of the dynamite and fuse furnished is not questioned, and the competency of Maloney, the foreman, is not challenged.

The court charged the jury that the defendant was bound to furnish suitable tools and appliances for the plaintiff to carry on the work he was performing, that the cartridge used was a tool or appliance, and permitted the jury to determine whether it was of sufficient length for the purpose intended; also, as matter of law, that Maloney was the alter ego of the company, and was not a fellow servant of the plaintiff. The defendant performed its duty to the plaintiff and his co-laborers when it provided this foreman, doubtless better qualified than any officer of the defendant, with adequate cartridges and fuses for him to use in dynamiting. The cutting of the fuses and affixing them to the cartridges was a mere detail of the work. Vogel v. American Bridge Co., 180 N. Y. 373, 73 N. E. 1, 70 L. R. A. 725; Russell v. Lehigh Valley R. R. Co., 188 N. Y. 344, 81 N. E. 122; Fallon v. Mertz, 110 App. Div. 755, 97 N. Y. Supp. 417. The plaintiff relies upon O'Brien v. Buffalo Furnace Co., 183 N. Y. 317, 76 N. E. 161. In that case the plaintiff's intestate was engaged in dynamiting slag which had collected at the bottom of a blasting furnace. The premature explosion of the dynamite which killed the plaintiff's intestate was caused by tamping with a steel, instead of a wooden, rod. The foreman in charge was competent, but was negligent in permitting the steel rod to be used. It is obvious from statements contained in the opinion that upon the facts recited the defendant would have been acquitted of liability. The court distinctly say that the negligence of Minor, the foreman, was that "of a fellow servant in the performance of a detail of the work." It appeared, however, that the general manager of the defendant, who

was its alter ego, was present just before the explosion occurred, and observed the foreman using the steel rod to tamp down the dynamite. He knew that the use of this rod was improper, but did not interfere. The defendant therefore consented to the use of an improper appliance, and the question of a competent foreman, to whom had been intrusted the details of the work, was eliminated from the case. In the Vogel Case, cited supra, the defendant engaged in .erecting a steel frame for a roof furnished an abundance of suitable ropes for the work. The foreman selected a defective one, which broke, and the plaintiff was injured. The court in holding the defendant was not liable, thus succinctly restated the familiar rule at page 380 of 180 N. Y., page 373 of 73 N. E. (70 L. R. A. 725):

"If the master does or must employ some one to represent him in managing the performance of the work, and he neglects no precaution in the selection of a competent foreman, and, in making all reasonable provision for a safe and proper execution of the work, he has discharged his duty. As to the details, in the execution of the work, the foreman and workmen are fellow servants. This is a logical application of the rule of law, and it is a just one."

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

Judgment and order reversed and a new trial granted, with costs to appellant to abide the event. All concur, except McLENNAN, P. J., not sitting.