# THE

# NEW YORK SUPPLEMENT

## VOLUME 125

(140 App. Div. 226.)

### McNAIR v. McNAIR.

(Supreme Court, Appellate Division, Second Department. October 20, 1910.)

LIMITATION OF ACTIONS (§ 182*)—PLEADING—NECESSITY.

The defense that an action is barred by limitations must be pleaded, and where it is not pleaded the court may not deny relief to a party merely because his action is barred.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 676–682; Dec. Dig. § 182.*]

Appeal from Special Term, Kings County.

Action by Mary Cochrane McNair against Thomas Chalmers McNair. From a judgment for defendant (68 Misc. Rep. 570, 125 N. Y. Supp. 191), plaintiff appeals. Reversed, and proceedings remitted.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, RICH, and CARR, JJ.

George A. Baker, for appellant.

RICH, J. This appeal is from a judgment denying the application of the plaintiff for a judgment annulling her marriage with the defendant upon the ground that the defendant was incapable of entering into the marriage state. It appears that the parties were married in January, 1899, and resided together until 1910, when this action was commenced. The defendant at the time of his marriage was physically incapable of meeting the obligations of the marriage, and it has never been consummated.

We are entirely satisfied from the evidence that a fraud was perpetrated by the defendant, and that the facts warrant the interference of a court of equity. The action was not commenced within the time provided by section 1752 of the Code of Civil Procedure, and the learned justice at Special Term decided that the cause of action was barred by the statute. The statute was not pleaded, and we know of no rule which requires the court to deny to a party that which would otherwise be a legal right, because of the statute of limitations, unless

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

125 N.Y.S.—1

it is pleaded as a defense. See section 413, Code Civ. Proc.; Kaiser v. Kaiser, 16 Hun, 602; 8 Abb. N. C. 187, note.

The judgment must be reversed, and the proceeding remitted to the Special Term, for further consideration. All concur.