ident of the plaintiff testified that Heller stated that he was acting for the defendants. This testimony was objected to, upon the ground that the plaintiff could not prove Heller's authority by Heller's declarations. It seems that, when this testimony was offered, it was clearly incompetent, as there was then no evidence at all of any authority for Heller to act for the defendants. The same witness subsequently testified that at a subsequent meeting he asked one of the defendants if he knew what Mr. Heller was doing in the matter, and if he knew there was a commission of $1,500 involved in the exchange, to be paid to the plaintiff, to which defendant said he did, and this defendant further said it was not necessary for the plaintiff's vice president to go over the entire transaction, and that Mr. Heller had explained the nature of the deal, and whatever Mr. Heller said and did was all right. There is no satisfactory evidence that the defendants ever authorized Heller to execute any such contract as he did execute; and this general statement of the defendants in relation to Heller's authority I do not think was sufficient to bind the defendants to pay commissions for a contract made with Heller, and not with the defendants, and which the defendants could not have enforced, and in which, so far as appears, the defendants had no interest. The plaintiff, however, was engaged as a real estate broker to represent Heller in the negotiations for the exchange of certain real property. Heller and the customer plaintiff produced executed a contract for the exchange of this property. This contract was made personally with Heller, and it was there provided that a commission of $1,500 was to be paid by Heller at the time of the closing, and it was also understood that there was to be no commission paid by the other party to the transaction. Notwithstanding this express provision in the contract, the plaintiff made an agreement with the purchaser produced by it, by which it was to be paid a commission of $850, to be taken out of the rent of the property conveyed to plaintiff's customer. It seems to me that this was clearly a fraud upon Heller, which would prevent plaintiff from recovering any commission from either the defendants or Heller. I therefore dissent.

McADAM, Appellant, v. NEW YORK CENT. & H. R. R. CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. May 3, 1911.) Action by Alexander McAdam against the New York Central & Hudson River Railroad Company. No opinion. Judgment and order affirmed, with costs.

McCREERY, Appellant, v. HARRAL SOAP CO., Respondent. (Supreme Court, Appellate Division, Second Department. April 28, 1911.) Action by William A. McCreery against the Harral Soap Company.

PER CURIAM. The plaintiff's right to recover on the facts is clearly limited to the sum of $7.23. That fact was conceded, but overlooked on the first argument. As no power exists to correct the judgment in that regard, the judgment (141 App. Div. 922, 125 N. Y. Supp. 1129) is reversed on reargument, without costs, and a new trial ordered. See, also, 127 N. Y. Supp. 1130.

McFARLAND v. SHARKEY et al. (Supreme Court, Appellate Division, First Department. May 26, 1911.) Action by Mary McFarland against John T. Sharkey, as executor, etc., and others. No opinion. Motion to dismiss appeal denied, without costs. Order filed. See, also, 140 App. Div. 913, 125 N. Y. Supp. 1129.

In re McGINNESS. (Supreme Court, Appellate Division, Second Department. May 12, 1911.) In the matter of John J. McGinness, an attorney. No opinion. Motion granted, and reference ordered to Joseph E. Owens, Esq., to take testimony and report thereon, with his opinion. Edward A. Freshman, Esq., is assigned to conduct such proceedings.

McGLYNN, Respondent, v. PENNSYLVANIA STEEL CO., Appellant. (Supreme Court, Appellate Division, Second Department. May 5, 1911.) Action by John J. McGlynn against the Pennsylvania Steel Company. No opinion. Motion denied, without costs. See, also, 129 N. Y. Supp. 45.

McGOVERN, Appellant, v. LEIHY et al., Respondents. (Supreme Court, Appellate Division, First Department. May 5, 1911.) Action by James P. McGovern against Morgan P. Leihy and others. R. D. Whiting, for appellant. A. S. Andrews, for respondents. No opinion. Judgments affirmed, with costs. Order filed.

MACHLIN, Respondent, v. GRINBERG et al., Appellants. (Supreme Court, Appellate Division, First Department. May 19, 1911.) Action by Jacob Machlin against David Grinberg and others. H. P. Dworsky, for appellants. C. Goldzier, for respondent. No opinion. Judgment and order affirmed, with costs. Order filed.

McKEE, Appellant, v. HACKNEY, Respondent. (Supreme Court, Appellate Division, Fourth Department. May 10, 1911.) Action by William J. McKee against William C. Hackney. No opinion. Order affirmed, with $10 costs and disbursements.

McMILLAN v. NEW YORK CENT. & H. R. R. CO. (Supreme Court, Appellate Division, Fourth Department. May 3, 1911.) Action by Cora J. McMillan, as administratrix, etc., against the New York Central & Hudson River Railroad Company. No opinion. Judgment and order affirmed, with costs.

McMILLAN, Respondent, v. NEW YORK CENT. & H. R. R. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. May 24, 1911.) Action by Cora J. McMillan, as administratrix, etc., against the New York

Central & Hudson River Railroad Company. No opinion. Motion for leave to appeal to Court of Appeals denied, with $10 costs. For former decision, see 129 N. Y. Supp. 1133.

McNAIR, Respondent, v. McNAIR, Appellant. (Supreme Court, Appellate Division, Second Department. June 9, 1911.) Action by Ailene Ely McNair against Burrows McNair. In the matter of the petitions of George McNair and Caroline S. Ely, for custody, etc. No opinion. Motion for stay denied, without costs. See, also, 140 App. Div. 226, 125 N. Y. Supp. 1.

MAHAR v. HARRINGTON VILLA PARK SITES et al. (Supreme Court, Appellate Division, First Department. May 12, 1911.) Action by Henry W. Mahar against the Harrington Villa Park Sites and others. No opinion. Application granted. Order signed. See, also, 128 N. Y. Supp. 620.

MAHONEY v. CAYUGA LAKE CEMENT CO. (Supreme Court, Appellate Division, Third Department. May 3, 1911.) Appeal from Trial Term. Action by John Mahoney against the Cayuga Lake Cement Company. Judgment for plaintiff, and defendant appealed. Case certified from Third Department to Fourth Department on account of disagreement of justices (122 App. Div. 903, 106 N. Y. Supp. 1136), and in the Fourth Department judgment reversed, and new trial granted (126 App. Div. 164, 110 N. Y. Supp. 549). On new trial. Judgment for defendant, and plaintiff appeals. Affirmed.

PER CURIAM. Judgment affirmed, with costs, upon the authority of Mahoney v. Cayuga Lake Cement Co., 126 App. Div. 164, 110 N. Y. Supp. 549.

BETTS, J. I dissent. The plaintiff in his complaint alleges that while he was employed by the defendant as a common laborer, and "while he was setting off and exploding, for and at the request of said defendant, dynamite * * * he sustained the injuries herein described, from the explosion of said dynamite, by and through the negligence and default of said defendant." This is a very general allegation of negligence, and no apparent attempt was made by the defendant to compel him to limit the allegation, or make it more specific and certain. The defendant admits that "plaintiff was in the employ of defendant as a laborer." The plaintiff testifies that while thus employed, and with no experience whatever in exploding dynamite, the defendant's foreman, in charge of the work, gave him a knife and some matches, after sending him for a dynamite stick, and directed him to fire a drilled hole in the rock. The plaintiff testifies the foreman, Maloney, told him to light the fuse attached to the dynamite, drop it in the hole, and shove it down with a stick. The plaintiff also testifies that he remonstrated against doing such work, and that he did not even know enough about dynamite to get the proper cartridge or piece when sent for it to the toolhouse, where other dynamite was kept. No instructions whatever were given the plaintiff as to the use of this dynamite, except in the most general way, and no warning whatever as to danger in its use, so far as the plaintiff testified, or any one else. While doing as he claims he was directed to do an explosion occurred, and plaintiff received the injuries he complains of. There was testimony in the case by which the jury could have found that the plaintiff was taken from a safe employment, which he was employed to do, and directed by the defendant's foreman to do this concededly unsafe work, without any warning whatever as to the perils attendant upon it. It is held in Lofrano v. New York & Mt. Vernon Water Company, 55 Hun, 452, 8 N. Y. Supp. 717, where the plaintiff, a day laborer, was instructed by the defendant's foreman to warm a quantity of dynamite, which exploded and injured him, that, as the plaintiff was not employed to perform that kind of services, he did not, therefore, assume the risks incident thereto, and, as no warning was given to the plaintiff of the danger accompanying such services, that the defendant violated the duty which it owed to the plaintiff, by setting him in a dangerous place at a perilous service, without warning or admonition of any kind, and that none of the duties as to warning or admonition could be delegated by the company to the foreman, so as to exonerate the defendant, and that the defendant was liable for the act of the foreman. See, also, Pantzar v. Tilly Foster Mining Co., 99 N. Y. 368, 2 N. E. 24. In Simone v. Kirk, 173 N. Y. 7–13, 65 N. E. 739, 741, it is held: "Certain work is inherently dangerous, and yet the master has the right to hire servants to do it. In such cases, however, unless the danger is obvious to an ordinary observer, it is his duty to give them due warning, so that they may refuse to work if they do not wish to run the risk, and proper instructions, so that if they enter upon the work they may be able to take care of themselves." It further holds "that the employer cannot delegate this duty without liability for the negligence of the one to whom he intrusts it." In Pelow v. Oil Well Supply Company, 194 N. Y. 69, 86 N. E. 812, it is held that the duty of giving proper warning and instruction to one engaged in work which is or is likely to become dangerous rests upon the master and cannot be delegated. There was also evidence in the case that the proper way to fire a hole with the kind of dynamite cartridge that was used here was with a fuse long enough to reach entirely out of the hole. The hole was about 10 feet deep. The evidence here is that this fuse used was somewhere between 8 and 20 inches long. I think there was evidence in this case from which a jury might have found that the defendant was negligent in taking the plaintiff, a common laborer, and putting him at dangerous work, with which he was unfamiliar, without warning and instructions as to its dangers, and that the plaintiff was not guilty of contributory negligence, and that it was a proper case to be considered by the jury. It follows that the judgment should be reversed, and a new trial granted, with costs to the plaintiff to abide the event.

In re MANHATTAN BRIDGE TERMINAL IN CITY OF NEW YORK. (Supreme Court,