(161 App. Div. 492)

### DEITCH v. DEITCH.

(Supreme Court, Appellate Division, Second Department.   March 13, 1914.)

1. MARRIAGE (§ 60*)—ANNULMENT—IMPOTENCY—LIMITATIONS.
   The limitation of five years from marriage prescribed by Code Civ. Proc. § 1752, for bringing an action to annul a marriage for physical incapacity rests on public policy, different from that in ordinary actions.

   [Ed. Note.—For other cases, see Marriage, Cent. Dig. §§ 125–128, 130–135; Dec. Dig. § 60.*]

2. MARRIAGE (§ 60*)—ANNULMENT—EXPLAINING DELAY.
   Plaintiff, in an action to annul a marriage, subjoining a cause of action for misrepresentation, might, though there be no formal defense of limitations, have to account for her eight years of continued cohabitation.

   [Ed. Note.—For other cases, see Marriage, Cent. Dig. §§ 125–128, 130–135; Dec. Dig. § 60.*]

3. APPEAL AND ERROR (§ 959*)—REVIEW—DISCRETION AS TO AMENDMENT.
   The discretion of the Special Term to amend, in furtherance of justice, in matrimonial actions, especially as to costs for allowing amendment, will not ordinarily be reviewed.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3825–3831; Dec. Dig. § 959.*]

Appeal from Special Term, Kings County.
Action by Ida Deitch against Philip Deitch. From an order allowing to defendant to amend and set up as a defense the statute of limitation, Code Civ. Proc. § 1752, plaintiff appeals. Affirmed.
Argued before JENKS, P. J., and BURR, THOMAS, CARR, and PUTNAM, JJ.
Abraham P. Wilkes, of New York City, for appellant.
Simon Berg, of Brooklyn, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PER CURIAM. [1] The limitation to sue within five years for annulment of marriage on the ground of physical incapacity (Code Civ. Proc. § 1752) extends the original two-year limitation for such proceedings (R. S. pt. 2, c. 8, tit. 1, § 33). This statutory limitation is part of our public policy. It declares a rule of the Ecclesiastical courts that the injured party cannot unreasonably delay proceedings for relief without being open to the charge of want of sincerity and promptitude. M. called C. v. C., L. R., 2 P. D. 414, 419; 29 Law Times, N. S. 316.

Divorces for alleged impotency early led to abuse and fraud. Amram, Jewish Law of Divorce, p. 65; Bishop, Mar. Sep. & Div., §§ 436, 1272, 1273. Hence the limit on the time to avoid a marriage rests upon a basis quite different from the periods to begin other civil suits. McNair v. McNair, 140 App. Div. 226, 125 N. Y. Supp. 1, and Kaiser v. Kaiser, 16 Hun, 602, were hearings on the husband's default. Both were simple suits for annulment.

[2] Where plaintiff subjoins a cause of action for misrepresentation, as here, the plaintiff, even without the formal defense of the statute of limitations, might have to account for her eight years of continued cohabitation.

[3] The discretion of the Special Term to amend, in furtherance of justice, in matrimonial actions, especially in imposing or withholding costs as terms for allowing such amendments, will not ordinarily be reviewed on appeal.

The order appealed from is affirmed, without costs.