CONCETTINA MACRI, Appellant, *v.* FILIPPO MACRI, Respondent.

Second Department, March 23, 1917.

**Husband and wife — annulment of marriage where wife under age — laches.**

A girl married under the age of fifteen years, whose cohabitation with her husband ended before reaching the age of eighteen years, is entitled to an annulment of the marriage, and this right is not barred by her laches of over five years, where it appears that she was an ignorant girl and had been told that after five years she would have a right to a divorce without any court proceedings.

APPEAL by the plaintiff, Concettina Macri, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 13th day of May, 1916, dismissing the complaint upon the merits, upon the decision of the court after a trial at the Kings County Special Term.

*Francis A. Castellano, Jr.,* for the appellant.

No brief or appearance for the respondent.

PUTNAM, J.:

Although plaintiff married under the age of fifteen, her cohabitation with defendant ended before the age of eighteen. Where the woman did live with defendant after the age of eighteen years, annulments under section 1743 of the Code of Civil Procedure have been granted in the First Department (*Conte* v. *Conte*, 82 App. Div. 335; *Wander* v. *Wander*, 111 id. 189; *Kruger* v. *Kruger*, opinion by MILLER, J., 137 id. 289), which is followed in the Fourth Department (*Earl* v. *Earl*, 96 id. 639).

The Domestic Relations Law (Gen. Laws, chap. 48 [Laws of 1896, chap. 272], § 4; now Consol. Laws, chap. 14 [Laws of 1909, chap. 19], § 7) recognized that the amendment of the Penal Code in 1895 raised the age of consent to eighteen years. (See Penal Code, § 282, as amd. by Laws of 1895, chap. 460, and Laws of 1902, chap. 83; now Penal Law, § 70.) Therefore, plaintiff is entitled to have her marriage annulled, unless she is barred by her laches. Her waiting from 1910 to 1915 before bringing this suit calls for some explanation. But, as was said in Bishop (2 Mar., Div. & Sep. [1891] § 413) of the English act: "Delay, standing quite alone, nothing combining with it and nothing of fact being inferred from it, is not a bar to the divorce suit." Plaintiff's explanation seems satisfactory. She was an ignorant girl, who went out to work. Her family could not find the defendant. She had been told that after five years she would have a right to a divorce without any court proceedings. In view of these circumstances her delay was not so unreasonable or unfair to defendant as to bar any relief. Here the facts found do make a case within our statute.

Hence the judgment of dismissal should be reversed, and upon the findings of the learned court at Special Term plaintiff should have an interlocutory decree for annulment of the marriage.

JENKS, P. J., MILLS, RICH and BLACKMAR, JJ., concurred.

Judgment reversed, and upon the findings of the court at Special Term an interlocutory decree rendered for annulment of the marriage.