MAX KATZ, Plaintiff, *v.* SARAH KATZ, Defendant.

Supreme Court, New York County, January 28, 1930.

*Oltarsh & Snyder,* for the plaintiff.

*Max Krauthamer,* for the defendant.

BURR, Official Referee. Action to annul a marriage on the ground of defendant's physical incapacity. Defendant appeared and answered. The answer was subsequently withdrawn by leave of the court, and plaintiff permitted to proceed with this action as an undefended annulment action.

It appears the parties were married September 17, 1922. This action was not commenced until February 19, 1929, or more than five years after the marriage. Section 1141 of the Civil Practice

Act provides: "  *   *   *   Such an action can be maintained only where an incapacity continues and is incurable; and *must be commenced before five years have expired since the marriage.*" The evidence in the case fully sustains the charge of defendant's continuous and incurable incapacity.   Unless the Statute of Limitations is set up as a defense in the answer, it does not apply.   (Civ. Prac. Act, § 242.)   In an annulment action, brought on the ground of physical incapacity, where defendant defaulted and failed to plead the Statute of Limitations as a defense, it has been held that the plaintiff is entitled to a decree, although the evidence shows that more than five years have elapsed since the marriage.   In *Mc Nair* v. *Mc Nair* (140 App. Div. 226, decided in 1910) it was held: " Although the action for annulment was not commenced within the time limited by section 1752 of the Code of Civil Procedure, the court cannot refuse to annul the marriage if the defense was not taken by the answer."

Section 1141 of the Civil Practice Act is identical with section 1752 of the Code of Civil Procedure.   In *Kaiser* v. *Kaiser* (16 Hun, 602, decided in 1879), and which was an undefended action for annulment on the ground of physical incapacity, it was held: " Section 33 of 2 Revised Statutes, 133, providing that a suit to annul a marriage, on the ground of physical incompetency, ' shall in all cases be brought within two years from the solemnization of the marriage,' is a statute of limitation, and the action is not barred by the lapse of that time, unless that objection is set up in the answer."   This conclusion was reached by Judges BRADY and INGALLS, a majority of the court, notwithstanding a vigorous dissenting opinion by NOAH DAVIS, P. J., who said: " The statute on which the court below refused the decree in this case is not a mere statute of limitations.   It enters into and is a substantive part of the right or cause of action, and the party seeking the relief for which it provides, must affirmatively establish, before the decree of divorce can be granted, that the action was brought within the two years specified by the statute.   The action is the creature of statute.   No such action existed at common law, and it is made a condition of the right to maintain the action, that it should be brought within a prescribed time.   When it appears affirmatively that the suit was not commenced within the prescribed time, the court has no jurisdiction to pronounce a decree dissolving the marriage relation.   This has always been the construction given to the statute by the   *   *   *   Court of Chancery and of this court, and by the decisions.   A similar rule prevails as to actions for divorce for adultery.   The statute is based upon grounds and reasons in no sense analogous to those on which ordinary limitations rest."

These cases were cited with approval in *Deitch* v. *Deitch* (161 App. Div. 492). In view of these decisions, and it also appearing that defendant resided out of the State for nearly two years (Civ. Prac. Act, § 19), and furthermore, that even in the answer originally interposed by the defendant the Statute of Limitations was not pleaded, I feel constrained under the ·rule of *stare decisis* to recommend an interlocutory decree in favor of plaintiff. If the statute is to be strictly construed it would seem that further legislation is necessary requiring that *on default* in an action for annulment on the ground of physical incapacity it must affirmatively be proven that five years have not elapsed between the marriage and the commencement of the action.

Report and findings signed and filed accordingly.