Arthur D. Brehhah, J.
This court has carefully considered the testimony presented on the inquest held in this action for an annulment on the ground of fraud and is constrained to dismiss the complaint.
There is a vast difference between the proof in this action and the situation which obtained in Di Lorenzo v. Di Lorenzo (174 N. Y. 467). In the cited ease, it appeared (from the facts more fully discussed in the majority and dissenting opinions which were delivered in that case in the Appellate Division (71 App. Div. 509) that prior to the marriage between the parties and at, before and after the time when the conception of a child might have taken place, the plaintiff had been living in illicit relations with the defendant, with the result that when the defendant falsely represented that the plaintiff was the father of her child, the misrepresentation was of such a nature as to deceive an ordinarily prudent person. In the light of the aforesaid premarital relationship which existed between them, the plaintiff (in the Di Lorenzo case) had the right to rely upon the defendant’s statement that he was the father of the defendant’s child, for the truth or falsity of said statement constituted a matter which was known to the defendant but was unknown to the plaintiff. In the case at bar, the plaintiff’s own testimony is to the effect that prior to his marriage to the defendant, he did not have illicit relations with the defendant and it must follow, therefore, that defendant’s alleged misrepresentation (that the plaintiff was the father of her child) was not one which could have deceived a reasonably prudent person.
In addition to the above, the evidence discloses that the plaintiff learned of the alleged fraud in May of 1954 but this action was not commenced until February of 1958. Under the 1955 amendments to section 49 (subd. 9, as added by L. 1955, ch. 257) and section 1139 of the Civil Practice Act, an action for an annulment on the ground of fraud must be brought within three years from the discovery by the plaintiff of the facts constituting the fraud.
This court expresses no view as to whether or not the plaintiff may successfully maintain an action for an annulment on the *551 ground of duress (pursuant to Civ. Prac. Act, § 1139; Domestic Relations Law, § 7, subd. 4) on the ground that his consent to the subject marriage was obtained by and resulted from the defendant’s threat that she would tell the plaintiff’s father that the plaintiff was the father of her child. Such an action requires the necessary quantum of corroboration. (Civ. Prac. Act, § 1143, subd. 2; see De Baillet-Latour v. De Baillet-Latour, 301 N. Y. 428.) Further under section 1139 of the Civil Practice Act, it must appear that the parties to a marriage sought to be annulled on the ground of force or duress did not voluntarily cohabit as husband and wife at any time before the commencement of the action.
A judgment dismissing the complaint herein should be submitted and entered.