Bernard S. Meter, J.
In this undefended action for annulment, plaintiff husband testified that the parties were married March 15, 1951 at Jersey City, that defendant had held herself out to plaintiff as not having been previously married, that he would not have married her had he known that she had been divorced by her first husband on the ground of adultery, that he did not discover the deception until just before the parties were about to break up at which time looking through some papers he found a copy of the decree, that the parties then, on or about December 1, 1953, parted and have never since cohabited. In corroboration, he offered a certified copy of the marriage license application showing defendant’s answer to the question, “ Have you ever been married? ” to have been “ No.” He also introduced a certified copy of the New Jersey marriage license showing with reference to defendant: “ 19. No. Times Previously Married 0 ”, a certified copy of the New York marriage license application for, and the certificate of defendant’s marriage to, her first husband, and a certified copy of a divorce decree dated December 13, 1949 granting defendant’s prior *488 husband a divorce for her adultery and prohibiting defendant’s remarriage. Identification of defendant in this action as the defendant in the prior action was established to the satisfaction of the court by the identity of defendant’s parents’ names and places of ■ birth in the two sets of marriage papers, notwithstanding a discrepancy between the two in the year of her birth. The annulment should therefore be granted unless limitations, which have not been pleaded, proscribe so doing.
The complaint in this action was sworn to January 23, 1959, a period of five years and two months after plaintiff’s discovery of the deception. Defendant appeared but filed no answer. While there are clear holdings that defenses such as condonation, connivance, limitations, must be pleaded affirmatively in an action for a divorce (McCarthy v. McCarthy, 143 N. Y. 235Lowenthal v. Lowenthal, 157 N. Y. 236; Brehm v. Brehm, 263 App. Div. 289); and that in an action for annulment for physical incapacity limitations must be affirmatively pleaded (McNair v. McNair, 140 App. Div. 226 [2d Dept.]; Kaiser v. Kaiser, 16 Hun 602 [1st Dept.]; Katz v. Katz, 136 Misc. 377); the Appellate Division, Second Department, has intimated in several cases that the public interest in marriage may require the court to take notice of an unpleaded defense (Deitch v. Deitch, 161 App. Div. 492; Merrill v. Merrill, 41 App. Div. 347) and no case settling the question with respect to an annulment for fraud has been found.
The three-year period of limitations on annulments for fraud was established by chapter 257 of the Laws of 1955. That statute amended section 49 of the Civil Practice Act to include actions for annulment based on fraud in the group of actions governed by the three-year statute and also amended the second sentence of section 1139 of the Civil Practice Act (the statutory source of authority to grant annulment for fraud), to provide that such action “ may be maintained by the party whose consent was so obtained within the time limitation set forth in section forty-nine, subdivision nine of the civil practice act.” At first blush, therefore, it would appear that the reference to the limitation period in the sentence which is the grant of authority was with the deliberate purpose of making the period a jurisdictional fact. Examination of the cases and the history of the statute leads to the opposite conclusion, however.
Montgomery v. Montgomery (3 Barb. Ch. 132) decided in 1848, held that an action for annulment for fraud could not be maintained after six years from the discovery of the fraud. This remained the law until the Legislature in 1880 amended the statute to insert the words “ at any time ” after the words *489 “may be maintained.” (Code Civ. Pro., § 1750.) This, it was held, excluded annulment actions from the statutory limitations of time applicable to other actions for fraud, and consequently neither limitations nor laches could be pleaded as a defense. (Campbell v. Campbell, 239 App. Div. 682, affd. 264 N. Y. 616.) Twenty years after the Campbell decision, Assemblyman (now Lieutenant Governor) Wilson introduced a bill (Ass. Int. No. 912, Pr. No. 918 [1954 Sess.]) to amend section 49 of the Civil Practice Act by inserting a new subdivision 9 to establish a three-year period for such actions. The bill passed but was vetoed (1954 Legis. Annual, p. 427) because it made no change in section 1139 of the Civil Practice Act which permitted the action to be brought ‘ ‘ at any time ’ ’ and, therefore, created an inconsistency between the two sections. In 1955 Assemblyman Wilson sponsored Assembly Introduction No. 1358, Print No. 1377 which amended both section 49 and section 1139 of the Civil Practice Act, thus removing the inconsistency. The Committee on Legislation of the Association of the Bar of the City of New York which had pointed out the inconsistency in the 1954 act, filed a memorandum in 1955 (1955 Assn, of Bar of City of N. Y., Committee on State Legislation, pp. 209, 219) approving the bill but noting that ‘ ‘ the statute of limitations is a defense which need not be asserted. ’ ’ The bill was approved and become chapter 257 of the Laws of 1955.
It thus appears that the second sentence of section 1139 of the Civil Practice Act was inserted only for the purpose of consistency and not with the aim of limiting the basic cause of action. The reasoning of the cases cited above, therefore applies and limitations not having been pleaded cannot be considered by the court. Nor is laches a defense (Macri v. Macri, 177 App. Div. 292). It should be noted that in reaching its conclusion the court has not considered and does not rule on the effect on actions by a parent, guardian or relative of the party defrauded of the amendment of the third sentence of section 1139 of the Civil Practice Act, couched as it is in very much stronger language then that used in the second sentence.
Submit findings of fact and judgment.