Bergan, J.
The parties were married on January 6, 1950. Plaintiff alleges her consent to the marriage was induced by fraudulent representations of defendant and she left him in August, 1950, promptly on discovery of the fraud. This action *446 was not commenced, however, until November, 1964, more than 14 years after her discovery of the fraud. Defendant husband defaulted and has never appeared in the action.
The Appellate Division was of opinion the fraud had been sufficiently shown; but it affirmed the dismissal of the action by the court at Special Term on the ground the three-year period fixed for the commencement of an action to annul a marriage for fraud is a part of the cause of action itself and not merely a limitation to be established as a defense.
The statute creating the cause of action for annulment of marriage for fraud at the time this action was commenced is subdivision (e) of section 140 of the Domestic Relations Law, which provides an “ action to annul a marriage on the ground that the consent of one of the parties thereto was obtained by fraud may be maintained by the party whose consent was so obtained within the limitations of time for enforcing a civil remedy of the civil practice law and rules ” (L. 1962, ch. 313, as amd. by L. 1963, ch. 458). CPLR 214, in turn, provides that an action to annul a marriage on the ground of fraud must be commenced within three years of the time plaintiff discovered the facts constituting the fraud.
For a very long period there was no statutory time limit attached to the institution of this action after the discovery of the fraud. The Code of Civil Procedure (§ 1750) provided an action to annul a marriage for fraud could be maintained “ at any time ”. Its successor, the Civil Practice Act, continued this language in section 1139 until the enactment of chapter 257 of the Laws of 1955 which amended the Civil Practice Act provisions to state them in -substantially the same form as the present Domestic Relations Law and CPLR provisions.
It may be noted that as to actions for annulment on the ground consent has been obtained by force or duress, subdivision (e) of section 140 of the Domestic Relations Law provides they may be ‘ ‘ maintained at any time ’ ’ as distinguished from actions based on fraud. There is a discussion in the prevailing and dissenting opinions of the history of these statutory limitations in Campbell v. Campbell (239 App. Div. 682, affd. 264 N.Y. 616).
The important question raised by this case is, then, whether the time limit for the commencement of the action is an inherent *447 part of the cause of action itself; or whether the time stated is to be looked at as providing a Statute of Limitations. The two concepts are different and they have a different procedural consequence.
If time is integral with the cause of action, the plaintiff must establish as part of his case that three years have not gone by since he discovered the fraud, and this whether or not the defendant defaults. If the time stated is merely a Statute of Limitations, the plaintiff has no obligation in respect of the three-year period which must be established affirmatively by a defendant who contests the action.
The general rule, which has rather wide acceptance, may be simply stated: If a statute creates a cause of action and attaches a time limit to its commencement, the time is an ingredient of the cause. If the cause was cognizable at common law or by other statute law, a statutory time limit is commonly taken as one of limitations and must be asserted by way of defense.
This statutory provision could be seen as a sort of condition precedent, but it is probably more accurately described as one of the 1 ‘ Qualifications Annexed to Given Right ’ ’, a concept developed in Corpus Juris Secundum (Yol. 53, Limitations of Actions, § 1, subd. 2, par. [c], p. 904): “ A wide distinction exists between pure statutes of limitation and special statutory limitations qualifying a given right in which time is made an essence of the right created and the limitation is an inherent part of the statute or agreement out of which the right in question arises, so that there is no right of action whatever independent of the limitation; a lapse of the statutory period operates, therefore, to extinguish the right altogether.”
When we look again at the New York statute, subdivision (e) of section 140 of the Domestic Relations Law, we observe that it literally creates the cause of action for annulment of marriage for fraud by providing that such an action ‘‘ may be maintained ’ ’ and this dependence on statutory right, in turn, traces back through its predecessor statutes.
The Chancellor, prior to the merger of his court with the Supreme Court in 1846, did take jurisdiction of equitable suits from time to time affecting the validity of marriages; but this was not the “ action for annulment ” created by later statutes; and even in the exercise of this equitable jurisdiction, it was *448 carefully kept within the statutes, as they developed, affecting time limits on the commencement of equitable suits. This is illustrated in two suits in Chancery.
In Wightman v. Wightman (4 Johns. Ch. 343), Chancellor Kent took jurisdiction on a bill in equity to declare a marriage ‘ ‘ null and void, from the beginning ’ ’ because of the insanity of the plaintiff, but his somewhat hesitant acceptance of jurisdiction was placed largely on the ground of lack of availability of any other tribunal to make such a declaration concerning a concededly void marriage.
In Montgomery v. Montgomery (3 Barb. Ch. 132), Chancellor Walworth, addressing his opinion to a “ suit in equity” to annul a marriage on the ground of fraud, held that it must be commenced within six years of the discovery of the fraud under the general frame of the statute affecting the commencement of suits in equity based on fraud (p. 136) and, not shown to have complied with the statute in this respect, the suit was dismissed.
But the modern “ action to annul a marriage ” has long been regarded in New York to be exactly what Judge Vann said it was in the opening words of his opinion in Stokes v. Stokes (198 N. Y. 301, 304): “ An action to annul a marriage is purely statutory ”; words which were repeated by Pound, J., in Walter v. Walter (217 N. Y. 439, 441). In commenting on the earlier jurisdiction of the court of equity, independent of statute, Judge Pound noted that with the enactment of the statutory provision the court may no longer assert its original jurisdiction (pp. 441-442). “ There is”, as Woodward, J., noted for the Appellate Division in Davidson v. Ream (178 App. Div. 362, 366), “no general equitable jurisdiction to set aside marriages; the power to deal with matrimonial actions must be found in the statutes ”.
Therefore, the time fixed in the statute must be treated as a qualification annexed to the created right (Gatti Paper Stock Corp. v. Erie R. R. Co., 247 App. Div. 45, affd. 272 N. Y. 535; Fairclough v. Southern Pacific Co., 171 App. Div. 496). “ Generally, where a statute creates a cause of action which was unknown at common law, a period of limitation set up in the same statute is regarded as a matter of substance, limiting the right as well as the remedy.” (Frank, J., in Osbourne v. United States, 164 F. 2d 767, 768.)
*449 Illustrations of the operation of the principle may be seen in the decisions of many States. Time requirements of this kind are regarded as “ in the case of a condition put by the law upon a substantive right given” (Guy v. Stoecklein Baking Co., 133 Pa. Super. Ct. 38, 45). See, also, Wheatland v. Boston (202 Mass. 258); Tischer v. City of Council Bluffs (231 Iowa 1134); Roberts v. Title Ins. & Trust Co. (6 Cal. 2d 373); Lane v. Department of Labor & Inds. (21 Wn. [2d] 420).
There have been differences in view within the New York Supreme Court on the question whether the time fixed in the statute creating the right of annulment is an integral part of the statute or is to be treated as a Statute of Limitations. (Compare Rogers v. Rogers, 19 Misc 2d 487, with Shoddy v. Shoddy, 50 Misc. 2d 74; Guido v. Guido, 12 Misc 2d 549, and Ackerman v. Ackerman, 35 Misc 2d 890.) The earlier views expressed in McNair v. McNair (140 App. Div. 226) and in Kaiser v. Kaiser (16 Hun 602) bear some collateral relation to the subject. We have reached the conclusion, however, that the Appellate Division was right on this branch of the present case.
There remains an additional question. At the time of the fraud and of its discovery by this plaintiff in 1950, the statute provided an action for annulment on the ground of fraud might be commenced “ at any time”. But on the enactment of the statute in 1955, plaintiff was required to commence an action within a reasonable time thereafter (Reid v. Board of Supervisors, 128 N. Y. 364, 373). This action was not commenced until more than nine years after the enactment of the amendatory statute; and this has been properly held an unreasonable delay.
The order should be affirmed, without costs.
Chief Judge Fuld and Judges Van Voorhis, Burke, Scileppi, Keating and Breitel concur.
Order affirmed.