INA H. JENNINGS, Plaintiff, *v.* FLOYD JENNINGS, Defendant.

Supreme Court, Special Term, Albany County, July 12, 1946.

*Frank Pedlow* for plaintiff.

No appearance for defendant.

BERGAN, J.   The concealment of a lack of love and affection declared by one of the parties to a marriage has several times been held insufficient to ground an annulment for fraud. (*Feig* v. *Feig,* 232 App. Div. 172; *Schaeffer* v. *Schaeffer,* 160 App. Div. 48; *Griffin* v. *Griffin,* 122 Misc. 837; *Longtin* v. *Longtin,* 22 N. Y. S. 2d 827.). The legal theory underlying some of the decisions on this point seems to be that such a fraud does not go to the essentials of the marriage.

But if the concept of what is " essential " to a marriage has been greatly broadened by *Shonfeld* v. *Shonfeld* (260 N. Y. 477), still the defrauded party is under some obligation to discover such a fraud with reasonable dispatch and to disavow the marriage.   The manifestations of a concealed lack of love and affection ought not to take very long after the marriage has been entered into.   Similarly, a concealed purpose not to establish a home cannot remain concealed indefinitely.   The defrauded party must, at least, have some reasonably intelligent insight into the true state of affairs.

Here the marriage occurred in 1929, over sixteen years before plaintiff says she discovered the fraud that her husband had not loved her in 1929 and had not then intended ever to establish a home.   In the meantime there had been a child born, a separation and a reconciliation.

I think the plaintiff has acquiesced in whatever misrepresentations there were and that the action is barred under the provisions of section 1139 of the Civil Practice Act.

Application for judgment denied.   Submit decision.