## FIRST DEPARTMENT, FEBRUARY, 1954.

### (February 2, 1954.)

■

JANE A. DOROFF, Appellant, *v.* DAVID R. DOROFF, Respondent.

*Per Curiam.* On plaintiff's uncontradicted testimony which appears to be frank and honest and which the Official Referee evidently did not disbelieve, plaintiff upon first learning of defendant's prior disclosure was not clearly satisfied and did not believe that he intended to violate his promise. The fact that she made efforts thereafter to make him perform does not constitute acquiescence in the fraud. Thereafter, however, at the subsequent disclosure, she was for the first time convinced of his intention to violate his obligations; she then left him and brought this action. Defendant defaulted in pleading and appearance. On all the facts and circumstances disclosed, plaintiff did not with "full knowledge of the facts" condone defendant's fraud; and plaintiff should not be penalized for her attempt to preserve the contract.

The order appealed from denying plaintiff's motion to disaffirm the Official Referee's report should be reversed, the motion granted and interlocutory judgment granted in plaintiff's favor. Findings and conclusions at variance herewith should be reversed and contrary findings made. Settle order.

CALLAHAN, J. (dissenting). I would hesitate to label the story told by plaintiff as frank and honest. To me it hardly measures up to the test of being probable. However, it was for the experienced Referee who saw the

witnesses to decide questions of credibility. In any event, there was a clear admission of voluntary cohabitation after knowledge of the "fraud." Accordingly, I dissent from the reversal of the order confirming the Referee's decision. The determination below should be reassuring to any one concerned with the mounting list of fantastic claims on which annulments are being sought and procured.

Dore, J. P., Breitel, Botein and Bergan, JJ., concur in *Per Curiam* opinion; Callahan, J., dissents in opinion.

Order reversed and interlocutory judgment granted in plaintiff's favor. Settle order on notice.