In the Matter of HELEN McCARTHY RIVETTE, an Attorney, Respondent. ASSOCIATION OF THE ONONDAGA COUNTY BAR, Petitioner.

Fourth Department, March 3, 1954.

*Frank Del Vecchio, District Attorney (Arthur W. Wilson* of counsel), for petitioner.

*Victor Levine, Paul Shanahan* and *Helen McCarthy Rivette,* in person, for Helen McCarthy Rivette, respondent.

*Per Curiam.* The Official Referee has found the respondent guilty of two of the four charges preferred against her. The evidence amply supports his findings. We also think the evidence is sufficient to support a finding of guilt as to one of the other charges in which the Official Referee has found no unprofessional conduct proven.

There is another matter contained in the record, which, although not specifically touched upon in the charges, we feel cannot be passed over without comment. It appears that the respondent has, according to her own testimony, advised a client on more than one occasion to bring an action for annulment of márriage upon a state of facts which she, as an attorney at law, should have known were entirely insufficient to comply with the requirements of the statute and the decisions of the appellate courts. While we will not attempt here to set forth every state of facts under which an action for annulment may be brought and a judgment rendered on the ground of fraud, there are certain necessary elements that must be proven.

The fraud must relate to something vital, a material fact concerning which, if plaintiff had known the truth, he or she would not have entered into the marriage contract. A mere promise without intention to deceive is not fraud. A statement or representation that would not deceive an ordinarily prudent person, even if untrue, is insufficient. It is also necessary that plaintiff cease cohabitation immediately upon the discovery of the alleged fraud, as voluntary cohabitation after discovery of the facts constituting the fraud defeats the action. Except under extraordinary circumstances, a plaintiff who claims fraud is under an obligation to discover it within a reasonable time after marriage and on discovery to then disavow the marriage.

If counsel knew, or, upon proper inquiry of the facts, should have known that any of those essential elements of the cause of action were not present, we think she was guilty of unprofessional conduct. Further, we think it no excuse that at some time some court may have overlooked one or more of these elements of the cause of action and granted a default judgment on insufficient grounds.

Returning now to the two charges which the Official Referee has found sustained by the proof, we reach the conclusion that on these alone the respondent should be disciplined. Respondent should be suspended from the practice of law for a period of two years and until the further order of the court.

All concur. Present — VAUGHAN, J. P., KIMBALL, PIPER and WHEELER, JJ.

Report of Official Referee confirmed, and order entered suspending respondent from practice for a period of two years and thereafter until the further order of this court.