ARTHUR W. DAVENPORT, Appellant, v. CITY OF BUFFALO et al., Respondents.— Judgment and orders affirmed, with costs. Memorandum: We think the case of *Denihan Enterprises* v. *O'Dwyer* (302 N. Y. 451) is not controlling in this case. All concur. (Appeal from a judgment dismissing plaintiff's complaint in an injunction action; also appeal from an order denying plaintiff's motion to strike out portions of defendants' answer and granting defendants' motion to dismiss, and from an order denying plaintiff's motion for a temporary injunction.) Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

■

RICHARD A. GARDNER, Appellant, v. THERESA H. GARDNER, Respondent.— Judgment affirmed, without costs of this appeal to either party. Memorandum: Plaintiff appeals from a judgment of the Supreme Court, Oneida County, which dismissed plaintiff's complaint on the merits. The action was brought to annul the marriage on the ground of fraud. Defendant appeared by counsel but interposed no answer. Defendant's counsel appeared at the trial but presented no witnesses, interposed no objections, and did not cross-examine plaintiff or the two witnesses sworn in his behalf. The trial court in a memorandum decision refused to grant the relief asked for on the ground that there was no corroboration of plaintiff's testimony that prior to the marriage the defendant promised to have children, and cited *Woronzoff-Daschkoff* v. *Woronzoff-Daschkoff* (303 N. Y. 506, 513). Plaintiff's counsel urges in his brief and on his oral argument that the entering into the marriage contract created an implied promise on the part of the defendant to have normal marital relations and to bear children and relies on *de Baillet-Latour* v. *de Baillet-Latour* (301 N. Y. 428, 431). We think it is not necessary to pass on that question here as the whole proof is insufficient to support plaintiff's claim that he was induced to enter into the marriage contract by any representations or implied promise that defendant would bear children. Plaintiff testified that defendant used certain methods to prevent conception, yet he continued to live with her for a period of two years, so it seems clear that he acquiesced in that practice. It further appears that the real cause of the separation was the suspicion of plaintiff that his wife was on too friendly relations with another man. In a recent decision we said: " It is also necessary that plaintiff cease cohabitation immediately upon the discovery of the alleged fraud, as voluntary cohabitation after discovery of the facts constituting the fraud defeats the action." (*Matter of Rivette*, 283 App. Div. 439, 440.) All concur. (Appeal from a judgment dismissing plaintiff's complaint in an annulment action.) Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

■

H. P. WELCH Co., Respondent, v. MATHEWS TRUCKING CORPORATION et al., Appellants.— Judgment and order affirmed, with costs. All concur. (Appeal from a judgment for plaintiff in an automobile negligence action. The order denied defendants' motion for a new trial.) Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.