DOROTHY ACKERMAN, Plaintiff, *v.* WILLIAM E. ACKERMAN, Defendant.

Supreme Court, Special Term, Nassau County, July 6, 1962.

*Miller, Goldstein & D'Ambrose (Alphonse E. D'Ambrose* of counsel), for plaintiff. *Alan W. Vollmer* for defendant.

JOSEPH A. SUOZZI, J. In this undefended action for an annulment of a marriage entered into by the parties in December, 1952, the plaintiff contends that prior to marriage the parties expressed their mutual desire to raise a family, and that during the years elapsing since the marriage the defendant kept saying, "Wait until we are more settled", but that in February of 1962 the defendant said "he did not want to have a family and that he had never wanted to have a family." It is also claimed that the defendant agreed, prior to marriage, that the plaintiff would only work for a short time after marriage, whereas in February, 1962, at the time he said he never intended to have a family, he said "he expected me to continue on working as I had, and contributing to the support of the household." A witness testified that in the early part of this year, 1962, she heard the defendant say he was not interested in having children.

Although the defendant has not appeared to oppose this action, the court is unable to grant the relief sought. Merely because testimony is uncontradicted, does not mean it may not be rejected. As stated in *Punsky* v. *City of New York* (129 App. Div. 558, 559): "If everything or anything had to be believed in court simply because there is no witness to contradict it, the administration of justice would be a pitiable affair". See, also, *Matter of Nowakowski* (2 N Y 2d 618, 622) wherein it is written: "the trier of the fact is free to disbelieve uncontroverted testimony.

Here, accepting the plaintiff's testimony, it was known immediately after the marriage that measures were being taken to prevent conception, but the plaintiff continued to cohabit with the defendant for 10 years. As stated in *Matter of Rivette* (283 App. Div. 439, 440): "It is also necessary that plaintiff cease cohabitation immediately upon the discovery of the alleged fraud, as voluntary cohabitation after discovery of the facts constituting the fraud defeats the action. Except under extraor-

dinary circumstances, a plaintiff who claims fraud is under an obligation to discover it within a reasonable time after marriage and on discovery to then disavow the marriage ''. (See *Gardner* v. *Gardner*, 283 App. Div. 1004; *Marks* v. *Marks*, 283 App. Div. 1136.) Moreover, even if cohabitation has ceased immediately on discovery of the fraud, it is necessary to bring an action for an annulment on that ground within three years after the discovery (Civ. Prac. Act, § 49, subd. 9).

Insofar as the alleged fraud regarding support of the plaintiff is concerned, again the plaintiff was aware of the situation from the start. She could have ceased work at any time and brought a separation action on the ground of nonsupport, if in fact the defendant were not supporting her although able to do so. It appears from the plaintiff's testimony that the defendant was in fact working and contributing to their mutual support until November, 1961. No effort was made to corroborate the alleged false representations relating to support as required by section 1143 of the Civil Practice Act. As stated in subdivision 2 of section 1143: '' In any action, whether or not contested, brought to annul a marriage the declaration or confession of either party to the marriage is not alone sufficient as proof, but other satisfactory evidence of the facts must be produced.''

Accordingly, the complaint is dismissed. The foregoing constitutes the decision of the court pursuant to section 440 of the Civil Practice Act.