In the Matter of HELEN McCARTHY RIVETTE, an Attorney, Respondent. ONONDAGA COUNTY BAR ASSOCIATION, Petitioner.

Fourth Department, September 25, 1964.

*Charles H. Thompson* for petitioner.

*Helen McCarthy Rivette,* respondent in person.

*Per Curiam.* The Onondaga County Bar Association in its petition charged respondent with general misconduct as an attorney at law and specifically enumerated five default annulment actions in which respondent's conduct was alleged to be unethical. In a complete hearing in which respondent was represented by counsel and permitted every opportunity to

present her proof the Justice of the Supreme Court to whom the matter was referred concluded that "in each of the five cases presented, [respondent] knew or should have known that one or more of the essential elements of a cause of action in fraud was not present" and he sustained the charges in this respect.

The similarity of draftsmanship in each of the five actions is striking. The grounds for the annulments in all cases were that the defendants had demanded that plaintiffs engage in abnormal sex relations and that these demands were proof of the fraud of the defendants at the time they induced their spouses to enter into marriage. Furthermore, the respective parties had been married anywhere from a minimum of 7 to 28 years and there were children involved in all of the actions. Respondent ignored completely consideration of the applicability of subdivision 9 of section 49 of the Civil Practice Act which required a party to commence his action within three years from the discovery of the alleged fraud. In all cases respondent received from $300 to $500 as a fee before presenting proof and after receipt of the money unduly delayed prosecution of the actions. After failing to secure the annulments respondent's custom was to send the plaintiffs to Alabama where other actions were brought and for which clients were required to pay additional fees.

Respondent's sole defense to these charges involving the annulment actions was her claim that she believed that prior decisions and the equitable powers of the court justified the bringing of these actions. Although she claimed not to specialize in matrimonial actions, she testified that 95% of her practice involved marital matters and that for many years she had handled about one hundred such actions per year.

Respondent was admitted to the Bar in 1922 and has been actively engaged in the practice of her profession since that date, except for a period of approximately two years when she was suspended from practice by this court. Her claim of misunderstanding and ignorance of the law involving matrimonial actions and particularly annulments, although these matters constituted almost her entire practice, does not impress us as sincere, and even if it were it would be no justification for her conduct. The gravity of respondent's unprofessional deportment is emphasized by her failure to change her ways after her reinstatement following suspension for two years by this court in 1954 (*Matter of Rivette*, 283 App. Div. 439). No clearer warning could have been given respondent than in the opinion of this court where we wrote (p. 440): "It appears that the

respondent has, according to her own testimony, advised a client on more than one occasion to bring an action for annulment of marriage upon a state of facts which she, as an attorney at law, should have known were entirely insufficient to comply with the requirements of the statute and the decisions of the appellate courts. * * * If counsel knew, or, upon proper inquiry of the facts, should have known that any of those essential elements of the cause of action were not present, we think she was guilty of unprofessional conduct.'' Our earlier opinion clearly pointed out to respondent the misconduct of which she was guilty and definitely informed her that there was no excuse for her behavior. Her failure to heed this warning underscores her unfitness to continue as an attorney at law. Respondent urges that leniency should be shown her because of her 40 years of practice. It is regrettable that in the twilight of her career respondent should be struck from the roll of attorneys but her misconduct is entirely of her own making for which she alone must accept the consequences. She has demonstrated beyond doubt a pattern of unprofessional conduct which appears to have become habitual and which clearly requires that she should be disbarred.

WILLIAMS, P. J., BASTOW, GOLDMAN, HENRY and NOONAN, JJ., concur.

Motion to confirm report of Referee granted, and order of disbarment entered.