■ NOEL H. EMMONS, Respondent, v. JOSEPH F. EMMONS, Appellant.— Judgment unanimously reversed on the law and facts, without costs, and complaint dismissed. Memorandum: This is an action for an annulment on the ground of fraud. Plaintiff and defendant were married on July 31, 1965.

Two children were born, one on April 28, 1966 and the other on September 7, 1967. The complaint, verified on July 5, 1967, alleges that prior to the marriage defendant made false representations concerning his financial responsibility which induced plaintiff to consent to the marriage; that she discovered the falsity of said representations on or about January 24, 1967, immediately separated from defendant and has never thereafter cohabited with him. The plaintiff's testimony shows that she acquired full knowledge of the alleged fraud in April, 1966 and not in January, 1967 as alleged in the complaint; that with full knowledge of the alleged fraud she continued to live with defendant but, according to her testimony, she did not cohabit with him until December, 1966, when there was a brief reconciliation which resulted in the conception of their second child, and that she left him in January, 1967. Subdivision (e) of section 140 of the Domestic Relations Law provides in part: " But a marriage shall not be annulled   *   *   *   on the ground of fraud, if it appears that, at any time before the commencement thereof, the parties voluntarily cohabitated as husband and wife with a full knowledge of the facts constituting the fraud." In *Matter of Rivette* (283 App. Div. 439) this court said at page 440: " It is also necessary that plaintiff cease cohabitation immediately upon the discovery of the alleged fraud, as voluntary cohabitation after discovery of the facts constituting the fraud defeats the action." The authorities cited by plaintiff are clearly distinguishable in that there, at the time of cohabitation, plaintiff was not yet clearly satisfied and did not believe defendant intended to violate his promise which depended upon a future act; it was at a subsequent disclosure that plaintiff was for the first time convinced of the husband's intention to violate his obligation. (*Doroff* v. *Doroff*, 283 App. Div. 688.) In these circumstances plaintiff only acquired " full knowledge of the facts " at the time of the subsequent disclosure. We conclude that upon the record even if the alleged fraud was material, it was waived or condoned by the voluntary cohabitation after full knowledge of the facts constituting the fraud, thus defeating this action. (Appeal from judgment of Onondaga Trial Term, in annulment action.) Present — Goldman, P. J., Del Vecchio, Marsh, Witmer and Henry, JJ.