■ JOHN MIENIK, Respondent, v FRANCINE MIENIK, Appellant. — In an action, *inter alia*, to annul a marriage upon the ground of fraud, defendant appeals (1) from so much of an order of the Supreme Court, Nassau County (Levitt, J.), dated January 27, 1982, as denied her motion for a protective order and granted that branch of plaintiff's cross motion which was for a direction that the parties and their infant daughter submit to a blood-grouping test, and (2) from so much of an order of the same court, dated April 22, 1982 as amended May 13, 1982, as denied those branches of her motion which were for

summary judgment dismissing the first cause of action for annulment, and for the appointment of a guardian at litem for the parties' infant daughter. Order dated April 22, 1982 as amended May 13, 1982, modified, on the law, by deleting therefrom the provision denying that branch of defendant's motion which was for summary judgment dismissing plaintiff's first cause of action and said branch of the motion is granted. As so modified, order affirmed insofar as appealed from. Order dated January 27, 1982 reversed insofar as appealed from, defendant's motion for a protective order granted and that branch of the plaintiff's cross motion which was for a direction that the parties and their infant daughter submit to a blood-grouping test is denied. Defendant is awarded one bill of $50 costs and disbursements. In August, 1981 plaintiff husband commenced this action against defendant, *inter alia*, to annul his marriage to her upon the ground of fraud. He alleged that she had fraudulently induced him to marry her, by falsely representing to him that she had given birth to his child, Sarah. The infant was born brain damaged. The parties married on June 24, 1968, three months after her birth. Plaintiff alleged that he did not discover the facts of the fraud until February, 1981 when defendant refused to comply with his request that the parties and the infant Sarah submit to a blood-grouping test, indicating to him a guilty reaction. According to plaintiff he made the request because during a review of the facts of this case with his prior attorney he "recalled" that his wife had been seeing a number of other men when she became pregnant with Sarah and had refused in the past to have any blood tests taken in connection with the treatment of the child's medical condition. These recollections, coupled with the fact that none of his other five children, four from a prior marriage, suffered from any form of brain damage and the lack of resemblance between the plaintiff and Sarah, created a suspicion in his mind with regard to the paternity of the infant. Even prior to the enactment of section 140 of the Domestic Relations Law and CPLR 214 (subd 7), which provide that an action to annul a marriage on the ground of fraud must be commenced within three years from the time the plaintiff discovered the facts constituting the fraud, there was an obligation imposed upon the victim of the fraud to discover the fraud within a reasonable time after the marriage and to disavow the marriage (*Matter of Rivette*, 283 App Div 439, 440; *Marks v Marks*, 283 App Div 1136; *Jennings v Jennings*, 186 Misc 1021; *Ackerman v Ackerman*, 35 Misc 2d 890). Where there is knowledge of facts sufficient to suggest to a person of ordinary intelligence the probability that he has been defrauded, a duty of inquiry arises. As evidenced by the use of the term recollection and the fact that the child was over 13 years old at the time this action was commenced, there was knowledge of facts sufficient to suggest to the plaintiff, many years before February, 1981, the probability that he had been defrauded. Unlike the proverbial ostrich, the plaintiff was not free to remain with his head in the sand. He had a duty to inquire in order to discover the fraud within a reasonable time after the marriage. We find his belated inquiry, which took the form of a request that the parties and the infant child submit to a blood-grouping test, more than 13 years after the child's birth, was untimely as a matter of law. Accordingly, that part of the defendant's motion which was for summary judgment dismissing, as time barred, the cause of action to annul the marriage, should have been granted. This court takes cognizance of the plaintiff's complaint which requests the custody of Sarah, and his averments that even if the results of the blood-grouping tests disclosed that he was not Sarah's father, he intends to adopt her, retain custody and provide for her support. In view of the relief requested in the plaintiff's complaint, his averments and the dismissal of the annulment cause of action, the results of a blood-grouping test would no longer be relevant

and material to any remaining issue in this matrimonial action. Accordingly, defendant's motion for a protective order should be granted and so much of the plaintiff's cross motion which requests that the parties and Sarah submit to a blood-grouping test should be denied. Additionally, we note that based on the aforesaid disposition, there is no need to appoint a guardian ad litem. Damiani, J. P., Lazer, Mangano and Brown, JJ., concur.