■ BRIAN NEISSEL, Respondent, v IRON HORSE CYCLE ACCESSORIES, LTD., Defendant, and A.E.E. CHOPPERS, INC., Appellant. — In an action, *inter alia,* to recover damages for personal injuries arising out of defendant A.E.E. Choppers, Inc.'s allegedly negligent design and manufacture of a three-wheel bolt-on-kit, said defendant appeals from an order of the Supreme Court, Queens County (Durante, J.), dated January 12, 1982, which conditionally granted plaintiff's request for an order of preclusion of trial evidence unless an expert's report was produced for discovery, and denied its cross motion for a protective order. Order reversed, with $50 costs and disbursements, and matter remitted to Special Term for further proceedings consistent herewith. In light of the conflicting allegations regarding the nature of the testing performed by plaintiff's expert prior to the alleged alteration of the physical evidence, and whether the physical evidence was altered, it was error to resolve the conflict without conducting a hearing. Accordingly, the matter is remitted to Special Term so that a hearing can be conducted. Titone, J. P., Thompson, Weinstein and Niehoff, JJ., concur.

■ MICHAEL J. PROAL, Appellant, v VALERIE L. PROAL, Respondent. — Order of the Supreme Court, Suffolk County (Geiler, J.), entered December 22, 1981, affirmed, with $50 costs and disbursements (cf. *Mienik v Mienik,* 91 AD2d 604). Damiani, J. P., Mangano, O'Connor and Brown, JJ., concur.

■ In the Matter of KALED MANAGEMENT CORP., Appellant, v DANIEL W. JOY, as Commissioner of the Department of Rent and Housing Maintenance, Respondent. — In a proceeding pursuant to CPLR article 78 to compel the Commissioner of the Department of Rent and Housing Maintenance to grant petitioner an increase in the maximum base rents for 1978-1979 for the subject premises, the petitioner appeals from a resettled judgment of the Supreme Court, Queens County (Zelman, J.), dated May 25, 1981, which, *inter alia,* dismissed the proceeding. Resettled judgment affirmed, without costs or disbursements. Petitioner maintained before the city rent agency that as of January 1, 1978 it was entitled to an increase in the maximum base rents for 1978-1979. The evidence clearly established, however, that petitioner had not achieved, as required, a satisfactory violation removal ratio six months prior to January 1, 1978 (see Administrative Code of City of New York, § Y51-5.0, subd h, par [6]). The record also established that all violations were eventually removed as of June 30, 1978. Hence, petitioner now argues before this court that it was entitled to an increase in the maximum base rents effective six months later (i.e., Jan. 1, 1979). Petitioner failed to raise this issue in its protest to the city rent agency. Under section Y51-9.0 (subd a, par [2]) of the Administrative Code of the City of New York, a court may consider an objection to an order of the city rent agency if such objection had been presented to the agency. Since petitioner did not raise this issue before the city rent agency, Special Term did not err in dismissing the instant proceeding (see *Matter of Klaus v Joy,* 85 AD2d 603; *Matter of La Russo v McGoldrick,* 283 App Div 720). Titone, J. P., Thompson, Weinstein and Niehoff, JJ., concur.