OPINION OF THE COURT
Richard A. Dollinger, J.
With the changes in New York’s laws to provide for a no- *299 fault divorce, the concept of a civil annulment may seem an anachronism until a party seeks judicial approval, upon a spouse’s default, to erase a marriage because the wife alleges she never resided or had sexual relations with her husband. As with other provisions of New York’s Domestic Relations Law, the matter is a bit more complicated than just having an abandoned wife say so.
The wife in this matter filed an action for annulment of her 31-year marriage. In her complaint, and later in an affidavit, she alleges that she and her husband have never lived together. The wife claims that immediately after being married in Jamaica she returned to New York State, but the husband refused, and currently still resides in Jamaica. In support of her claim, she produced a “waiver and stipulation,” signed before a notary public in Jamaica, in which the husband admits he had been served, waives any right to assert an answer and concedes that all “marital and personal property has been mutually divided.” Based on these facts, the wife moved for the entry of a default judgment annulling the marriage. Section 140 of the Domestic Relations Law permits an annulment based on fraud in certain circumstances if the parties did not “voluntarily cohabit [ate]” after the fraud was discovered. (Domestic Relations Law § 140 [e].) Section 144 provides that even if the husband defaults in appearing (as he has done in this case), the court must hear “proof of the facts upon which the allegation of nullity is founded” and that a declaration or confession from either party is not alone sufficient as proof, and that “other satisfactory evidence of the facts” must be produced. (Domestic Relations Law § 144 [1], [2].)
While the judicial guidance is dated—in most cases, more than half a century—the principle that the wife’s uncorroborated testimony alone is insufficient to grant the requested relief remains valid. (T.P. v B.P., 41 Misc 3d 1232[A], 2013 NY Slip Op 51963 [U] [Sup Ct, Kings County 2013]; Bigaouette v Bigaouette, 135 NYS2d 719 [Sup Ct, Kings County 1954] [the mere declaration or admission of either party will not suffice to support a decree for annulment in an uncontested action].) The Court of Appeals directed that the phrase “other satisfactory evidence of the facts” means “other material from other sources, substantial and reliable enough to satisfy the conscience of the trier of the facts.” (de Baillet-Latour v de Baillet-Latour, 301 *300 NY 428, 434 [1950].)* In de Baillet-Latour v de Baillet-Latour, the Court majority deplored “the indiscriminate granting of annulments on insubstantial grounds or flimsy proof,” but found there was sufficient evidence of the elements of fraud, including testimony from the wife’s son concerning “confessions” made by the husband. (Id. [internal quotation marks omitted].) Based on the entire proof, the court concluded that the test of Civil Practice Act § 1143—“other satisfactory evidence of the facts”—was met.
Two years later, the Court of Appeals denied an annulment based solely on “confessions” from one of the marital partners. (Woronzoff-Daschkoff v Woronzoff-Daschkoff, 303 NY 506 [1952].) Two years later, in Bigaouette v Bigaouette, a trial court held that even if corroboration was provided, it must be supported by “substantially convincing evidence.” (135 NYS2d at 722.) The court held that the testimony of the moving party’s mother failed to meet the corroboration test. Another trial court intoned that there has to be a “necessary quantum of corroboration” to justify an annulment, even if a default occurred. (Guido v Guido, 12 Misc 2d 549, 551 [Sup Ct, Westchester County 1958].) In Casola v Casola (140 NYS2d 13, 15 [Sup Ct, Kings County 1955]), the court noted the quandary faced by a trial judge when a party alleges fraud in a default matrimonial action: “While her testimony is unimpeached and uncontradicted, not to be arbitrarily or capriciously disregarded, the plaintiff is a most interested witness whose credibility may well be questioned.” The court then declined to grant an annulment without other corroboration. (See also Matter of Sebring, 238 App Div 281 [1933].) In contrast, the Court in Fishman v Fishman (48 AD2d 876 [2d Dept 1975]) held that false information about a spouse’s premarital status, when combined with an investigator’s report, was sufficient corroborating evidence even though the report contained hearsay.
When the corroboration requirement is applied to this proceeding, the court finds no “material from other sources” that are “substantial and reliable enough” to justify the annulment. The husband lives in Kingston, Jamaica, where the parties were married 31 years ago. The wife swears that the husband told her that he would come to the United States to *301 live, but he never did and she further asserts that they “never lived together as a married couple,” but there is no corroboration of these allegations. The court finds that the 31-year gap between the date of marriage and the date of the commencement of this action creates at least a “question” regarding the wife’s comments.
The husband’s sworn statement does not obviate the need for further “satisfactory” proof. (Labbate v Labbate, 189 Misc 447 [Sup Ct, Bronx County 1947].) In Bigaouette v Bigaouette (135 NYS2d 719 [Sup Ct, Kings County 1954]), the court, despite the cooperation of the husband, still sought corroboration of the initial fraud:
“A claim of fraud at the inception of marriage, under such auspices, must not only be corroborated, but the finding must be supported by substantially convincing evidence. Indeed, the evidence must in these circumstances be subjected to special scrutiny and be so convincing as to prevail against suspicion of collusion.” (Id. at 722 [citations omitted].)
In this case, the husband’s waiver does not mention the alleged fraud. He makes no reference to the terms of the initial promise that the wife alleges justified the wedding; i.e., that he would come to the United States. He does not validate or admit the fraud, he simply acknowledges that he wants the annulment. The husband’s sworn statements do not corroborate the fraud, and instead look suspiciously like a form of spousal collusion to end a marriage, a notion long unacceptable to the New York courts. (de Baillet-Latour v de Baillet-Latour, 301 NY at 433 [“(o)ne of the purposes of these enactments (Civ Prac Act § 1143) was, undoubtedly, to prevent collusion by demanding that there be evidence from persons other than the parties”].)
Finally, while the absence of a responsive pleading may result in a forfeiture of any affirmative defense by the husband, this court cannot ignore the 31 years that the wife waited before commencing this action. Under New York law, the wife, as a defrauded spouse, may maintain an action to annul the marriage on the ground of such fraud provided that the action is brought within the time delimited by the statute of limitations governing other causes of action for fraud, i.e., within six years of the commission of the fraud or two years of the time when the plaintiff discovered the fraud or could have discovered it by the exercise of reasonable diligence. (Lazar v Lazar, 33 Misc 3d 1202[A], 2011 NY Slip Op 51749[U] [Sup Ct, Erie *302 County 2011]; Domestic Relations Law § 140 [e]; see also CPLR 203 [g]; 213 [8].) Here, the wife’s claim based on the husband’s allegedly fraudulent promise in 1985 to return to the United States would have accrued when he failed to follow through on that promise. This long period of time between the alleged fraud—which the wife admits occurred just after the marriage—and the commencement of this action would seem to make the need for “other satisfactory evidence” even more compelling and its absence more glaring.
The court declines the application for a default judgment of annulment in this matter.

 Domestic Relations Law § 144 language regarding “other satisfactory evidence of the facts” was adopted from section 1143 of the Civil Practice Act in 1962. The decisions referenced before 1962 relied on the language of Civil Practice Act § 1143.