T.O. v D.L. (2024 NY Slip Op 51601(U))

[*1]

T.O. v D.L.

2024 NY Slip Op 51601(U)

Decided on November 22, 2024

Supreme Court, Westchester County

Hyer, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 22, 2024
Supreme Court, Westchester County

T.O., Plaintiff,

against
D.L., Defendant.

Index No. XXXXX

 Nkechi Agatha Igbo, Esq., counsel for the plaintiff/husband, 147 20 Jamaica Ave, Jamaica, NY 11435.

James L. Hyer, J.

RELEVANT FACTUAL AND PROCEDURAL HISTORY
Plaintiff commenced this action for an annulment on June 11, 2024, by the filing of a Summons and Complaint (hereinafter the "Complaint") (NYSCEF Doc. No. 1). On July 22, 2024, Plaintiff filed an Amended Verified Complaint In An Action For Annulment (hereinafter the "Amended Complaint") (NYSCEF Doc. No. 2), seeking the dissolution of the parties' marriage on the ground of fraud. Specifically, the Amended Complaint alleges as follows:
"SIXTH: The ground for the annulment and declaration of a void marriage is based on the following: the marriage was contracted by Fraud perpetrated on the Plaintiff by the Defendant, in conjunction with the Virginia State Marriage Officiant J.S. The Plaintiff's signature was obtained by fraud, and without his consent. The Plaintiff has no knowledge of how his information ended up on the marriage certificate, joined as a husband to the Defendant. Both parties never talked, they never met, they never resided together and they never consummated the marriage. Plaintiff is a victim of Fraud by the Defendant and her Officiant accomplice. Officiant, J.S. is currently serving a jail time for similar fraud he did to other innocent people. Since 2017, Plaintiff had no knowledge of this marriage, but only became aware in April 2024. Plaintiff therefore seeks to nullify this marriage based on fraud and no consent.
SEVENTH: Plaintiff recently discovered these facts about the Defendant and her accomplice, J.S. Defendant fraudulently misrepresented to the marriage issuing authority that they were married and thereby obtained a marriage certificate in order to gain an [*2]unknown benefit with her married status. Plaintiff lacked the knowledge that he was married to this Defendant up until April 2024, after Department of Homeland Security informed him of these facts.
EIGHT: The ground for the annulment of the marriage based on Fraud and lack of consent is as follows; Defendant, with the aid of her accomplice, J.S., illegally obtained a marriage certificate in her name and in the name of the Plaintiff as a married couple. Plaintiff as a young immigrant, joined a church where Defendant's friend J.S. mentored young people. Unknown to the Plaintiff, J.S. was fronting the church while illegally using immigrants to obtain benefits for his citizen friends. Defendant and her accomplice friend did fraud on the Plaintiff, when without his knowledge and consent, they illegally misrepresented to the Plaintiff to sign some youth program enrolment (sic) documents for the church youth program, which Plaintiff suspects could have been illegal marriage documents to the unsuspecting plaintiff. The marriage contracted by the Defendant under the Virginia Law is null and void. Plaintiff did not agree to marry the Defendant. Plaintiff does not personally know the defendant. Plaintiff did not engage in any marriage ceremony with the defendant. Plaintiff did not live with the Defendant. Plaintiff did not consummate the marriage with the Defendant."
Plaintiff filed proof of service on the Defendant of the Amended Complaint, Notice of Automatic Orders, Notice of Continuation of Health Care Coverage and Notice of Guideline Maintenance on August 31, 2024 (NYSCEF Doc. No. 4). The Defendant neither answered the Amended Complaint nor filed a notice of appearance in the action.
On August 31, 2024, Plaintiff filed a Request for Judicial Intervention (NYSCEF Doc. No. 14).
On October 9, 2024, a Court Notice was issued scheduling a Preliminary Conference to be held on October 24, 2024, at 12:00 p.m. The Court Notice directed all parties and counsel to appear in person and ordered that "[i]f a party is self-represented, or not receiving NYSCEF notifications, opposing counsel (or opposing party, if also self-represented, but participating in NYSCEF) must serve said party(ies) with a copy of this Court Notice, and file an affidavit of service to NYSCEF, confirming compliance with this Court's directive" (NYSCEF Doc. No. 15).
On October 9, 2024, Plaintiff's counsel requested an adjournment of the Preliminary Conference (NYSCEF Doc. No. 16). The Court granted the request and issued an order rescheduling the Preliminary Conference for October 28, 2024, at 2:00 p.m. (NYSCEF Doc. No. 17).
On October 23, 2024, Plaintiff's counsel filed proof of service on Defendant of the Court Notice (NYSCEF Doc. No. 19).
The Court held a Preliminary Conference on October 28, 2024, at which only Plaintiff and his attorney appeared. The Defendant neither appeared nor requested an adjournment pursuant to the Court's rules. As a result, the Court entered a Decision and Order (hereinafter the "Decision Scheduling Inquest") (NYSCEF Doc. No. 20), directing the following:
"ACCORDINGLY, IT IS HEREBY:
ORDERED that the Defendant is in default; and it is hereby
ORDERED that an Inquest shall be held on November 18, 2024, at 3:00 p.m., wherein all parties and counsel must appear in-person to address all of the issues pending before this Court pertaining to this action, including but not limited to: (1) grounds for dissolution of [*3]the parties marriage; (2) equitable distribution of marital property; (3) declaration of separate property; (4) claims of dissipation; (5) spousal support and maintenance; (6) child custody, access and support; (7) resumption of pre-marriage surnames; (8) attorneys' fees and litigation expense requests; and (9) any other issues arising out of the requested dissolution of the parties' marriage; and it is further
ORDERED that by November 10, 2024, both parties shall file with the Court and serve upon each other via overnight delivery the following: (1) Witness List for all witnesses to provide testimony at the Inquest with the understanding that if witnesses are not disclosed they will precluded from testifying at the Inquest; and (2) Exhibit List with copies of all exhibits to be utilized at the Inquest with the understanding that if disclosure is not made pursuant to this directive exhibits will be precluded at Inquest; and it is hereby
ORDERED that by October 29, 2024, Plaintiff's counsel shall serve, via overnight traceable delivery to Defendant, a copy of this Decision and Order with Notice of Entry, and by that date shall file a copy of same with proof of service; and it is further
ORDERED that Plaintiff's counsel shall order a copy of the Court Transcript, pay the entire cost of same, and submit same to be so ordered by November 28, 2025.
The foregoing constitutes the Decision and Order of the Court."
On October 29, 2024, Plaintiff's counsel filed the following documents: (1) Witness List (NYSCEF Doc. No. 21); (2) Exhibit List (NYSCEF Doc. No. 22); (3) Proposed Exhibits A-F (NYSCEF Doc. Nos. 23-28); (4) Notice of Entry of the Decision Scheduling Inquest (NYSCEF Doc. No. 29); (5) Affirmation of Service of Notice of Entry and Decision Scheduling Inquest (NYSCEF Doc. No. 30); (6) Affirmation of Service of Exhibit List and Witness List (NYSCEF Doc. No. 31). The Plaintiff's proposed exhibits, filed individually and enumerated in Plaintiff's Exhibit List, included the following:
-Exhibit A — Plaintiff's Summons and Amended Complaint;
-Exhibit B — Parties' Marriage Certificate (as alleged by Plaintiff);
 -Exhibit C — Plaintiff's Affirmation;
-Exhibit D — Plaintiff's Affidavit of Facts with Exhibits A-C;
-Exhibit E — Preliminary Conference Order; and
-Exhibit F — Proposed Certificate of Dissolution; Note of Issue; Part 130 Certification; Affirmation of Regularity; Affidavit; Request for Judicial Intervention; Proposed Findings of Fact and Conclusions of Law; Proposed Judgment of Annulment.
No pre-inquest disclosure was made by Defendant.
On November 18, 2024, an Inquest was held. Appearances were made by Plaintiff and his attorney. The Defendant neither appeared at the Inquest, nor sought an adjournment. The Inquest proceeded in the Defendant's absence. Plaintiff was the sole witness to testify; no exhibits were admitted into evidence. Plaintiff's testimony comported with the allegations set forth in the Amended Complaint.

FINDINGS OF FACT AND CONCLUSIONS OF LAW
A. Witness Credibility.
Generally, the decision of a fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence (Shahid v Morataya, 31 Misc 3d 151(A) [2d Dept 2011]; citing Claridge Gardens v Menotti, 160 AD2d 544 [1st Dept 1990]). Furthermore, the determination of the trier of fact as to issues of credibility is given substantial deference, as the trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess the credibility of the witnesses (see Vizzari v State of New York, 184 AD2d 564 [2d Dept 1992]; Kincade v Kincade, 178 AD2d 510, 511 [2d Dept 1991]).
Here, Plaintiff testified credibly. He answered his attorney's questions in a forthright manner and was not evasive. Plaintiff displayed an even temperament and appeared to be sincere.
B. Plaintiff's Request that a judgment be entered granting Plaintiff an annulment in favor of Plaintiff and against Defendant, dissolving forever the bonds of matrimony existing between Plaintiff and Defendant pursuant to DRL 140(e).
Pursuant to New York State Domestic Relations Law ("DRL") § 140(e):
"Consent by force, duress or fraud. An action to annul a marriage on the ground that the consent of one of the parties thereto was obtained by force or duress may be maintained at any time by the party whose consent was so obtained. An action to annul a marriage on the ground that the consent of one of the parties thereto was obtained by fraud may be maintained by the party whose consent was so obtained within the limitations of time for enforcing a civil remedy of the civil practice law and rules. Any such action may also be maintained during the life-time of the other party by the parent, or the guardian of the person of the party whose consent was so obtained, or by any relative of that party who has an interest to avoid the marriage, provided that in an action to annul a marriage on the ground of fraud the limitation prescribed in the civil practice law and rules has not run. But a marriage shall not be annulled on the ground of force or duress if it appears that, at any time before the commencement of the action, the parties thereto voluntarily cohabited as husband and wife; or on the ground of fraud, if it appears that, at any time before the commencement thereof, the parties voluntarily cohabited as husband and wife, with a full knowledge of the facts constituting the fraud."
In assessing Plaintiff's allegations of fraud pursuant to the foregoing statute, the Court must first determine if Plaintiff's action was timely filed. To that end, the New York State Civil Practice Law and Rules ("CPLR") § 214 (7) provides as follows:
"The following actions must be commenced within three years:
* * *
7. An action to annul a marriage on the ground of fraud; the time within which the action must be commenced shall be computed from the time the plaintiff discovered the facts constituting the fraud, but if the plaintiff is a person other than the spouse whose consent was obtained by fraud, the time within which the action must be commenced shall be computed from the time, if earlier, that that spouse discovered the facts constituting the fraud."
In discussing the application of DRL § 140(e) and the need for such actions to be commenced timely, the Appellate Division Second Department noted:
"Even prior to the enactment of section 140 of the Domestic Relations Law and CPLR 214 (subd. 7), which provide that an action to annul a marriage on the ground of fraud must be commenced within three years from the time the plaintiff discovered the facts constituting the fraud, there was an obligation imposed upon the victim of the fraud to discover the fraud within a reasonable time after the marriage and to disavow the marriage (Matter of Rivette, 283 App.Div. 439, 440, 128 N.Y.S.2d 325; Marks v. Marks, 283 App.Div. 1136; Jennings v. Jennings, 186 Misc. 1021, 63 N.Y.S.2d 294; Ackerman v. Ackerman, 35 Misc 2d 890, 231 N.Y.S.2d 493). Where there is knowledge of facts sufficient to suggest to a person of ordinary intelligence the probability that he has been defrauded, a duty of inquiry arises."
(Mienik v Meinik, 91 AD2d 604 [2d Dept 1982]).
Plaintiff testified that although the parties allegedly were married in 2017, he had no knowledge of the marriage until April, 2024, two months prior to his commencement of the action. Plaintiff's testimony was not disputed by Defendant. As such, there is no basis in the record which would lead this Court to believe that Plaintiff had knowledge of facts sufficient to suggest that a person of ordinary intelligence would have known of Defendant's fraud prior to April, 2024. Accordingly, the Court finds that the action was filed timely.
The Court now turns to the question of whether sufficient proof was presented by Plaintiff at Inquest to grant the requested relief. Pursuant to DRL § 144:
"1. In an action to annul a marriage, a final judgment annulling the marriage shall not be rendered by default for want of an appearance or pleading, or by consent, or upon a trial of an issue, without proof of the facts upon which the allegation of nullity is founded. Plaintiff shall prove that there has been no such cohabitation between the parties as would bar a judgment except that in an action under subdivision (c) of section one hundred forty the plaintiff may prove instead that the mental illness still continues.
2. In any action, whether or not contested, brought to annul a marriage, the declaration or confession of either party to the marriage is not alone sufficient as proof, but other satisfactory evidence of the facts must be produced."
Accordingly, even where, as here, Plaintiff's proof is uncontradicted, it is settled law that relief will be denied where it is insufficient to establish a cause of action for annulment (Aldrich v Aldrich, 4 Misc 2d 353 (Sup Ct, New York County 1956); DRL § 144. "It has been held that the phrase 'other satisfactory evidence of the facts' [as stated in DRL § 144(2)], means 'other material from other sources, substantial and reliable enough to satisfy the conscience of the trier of the facts'" (Fishman v Fishman, 48 AD2d 876 [2d Dept 1975] quoting, de Baillet-Latour v De Baillet-Latour, 301 NY 428, 434, [1950]); see also, Sabbagh v Copi, 251 AD2d 149, [1st Dept 1998]; Gayle v Thompson, 54 Misc 3d 298 (Sup Ct, Monroe County 2016]).
Here, Plaintiff was the only witness to testify at the Inquest. While Plaintiff's counsel filed pre-inquest disclosure including a list of proposed exhibits, Plaintiff did not seek to have any of the exhibits moved into evidence. Accordingly, even though the Court determined Plaintiff to be a credible witness, Plaintiff failed to provide sufficient evidence to corroborate his testimony regarding the Defendant's alleged fraud. The Court was not presented with substantial and reliable material from other sources corroborating Plaintiff's testimony. As a result, the Court is constrained to deny Plaintiff's claim for an annulment, without prejudice.
C. Plaintiff's Request for Other Relief.
Any relief specifically not granted or otherwise addressed herein is denied.
* * *
Based upon the foregoing, it is hereby
ORDERED that Plaintiff's request for the entry of a judgment of annulment is denied without prejudice; and it is further
ORDERED that to the extent any relief has been requested and not addressed herein it is denied; and it is further
ORDERED that by November 29, 2024, Plaintiff's counsel shall serve this Decision and Order with Notice of Entry on Defendant and shall file an Affidavit of Service by November 29, 2024; and it is further
ORDERED that Plaintiff's counsel shall order a copy of the Court Transcript from the Inquest, shall pay the entire cost of same and submit to be so ordered by December 15, 2024.
The foregoing constitutes the Decision and Order of the Court. 
Dated: November 22, 2024
White Plains, New York
ENTER:
HON. JAMES L. HYER, J.S.C.